# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **GREGORY CAILLOUET** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION ""** |
| **BARRY GRAHAM OIL SERVICE, L.L.C., FIELDWOOD ENERGY LLC, FIELDWOOD ENERGY OFFSHORE, LLC, AND GOM SHELF, LLC** | **MAGISTRATE** |
| | **JURY TRIAL REQUESTED** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes GREGORY CAILLOUET, a person of the full age of majority, and a resident of Vermillion Parish, Louisiana, who files this Complaint against BARRY GRAHAM OIL SERVICE, L.L.C., FIELDWOOD ENERGY LLC, FIELDWOOD ENERGY OFFSHORE LLC, and GOM SHELF LLC, for personal injury damages, and in support thereof would show unto the Court the following:

I.

Defendant, BARRY GRAHAM OIL SERVICE, L.L.C. (hereafter referred to as "BARRY GRAHAM"), is a foreign limited liability company authorized to do and doing business within the jurisdiction of this Honorable Court, with its principal place of business located in Morgan City, LA. Defendants, FIELDWOOD ENERGY LLC, FIELDWOOD ENERGY OFFSHORE LLC, and GOM SHELF LLC (hereafter collectively referred to as "FIELDWOOD"), are foreign limited

liability companies authorized to do and doing business within the jurisdiction of this Honorable Court, with their principal place of business located in Baton Rouge, LA.

II.

Jurisdiction of this Honorable Court is based on Article 3 § 2 of the United States Constitution, the General Maritime Laws of the United States, 28 U.S.C. 1333, 43 U.S.C. 1349(b)(1), as this controversy arises out of operations conducted on the Outer Continental Shelf involving the exploration, development, or production of mineral of the subsoil and seabed of the Outer Continental Shelf, and/or 28 U.S.C. 905(b) and 933 of the Longshore and Harbor Workers' Compensation Act, and suit is brought pursuant to all applicable laws and ordinances of the United States of America and the State of Louisiana.

III.

This Court has personal jurisdiction over the Defendants because they have sufficient minimum contacts in the Western District of Louisiana, intentionally avail themselves to the jurisdiction of Louisiana by virtue of their extensive business dealings and transactions within this State, and a substantial part of the events or omissions giving rise to the claim occurred within the jurisdiction of this Honorable Court.

IV.

Venue is proper pursuant to 43 U.S.C. 1349(b)(1) as the Western District of Louisiana is the judicial district of the State nearest the place the cause of action arose.

V.

That, at all times relevant hereto, Plaintiff was employed as a Fire, Gas, and Navaid Technician/Inspector by Fire & Safety Specialists, Inc. (hereafter referred to as "FIRE & SAFETY"), of Lafayette, LA.

VI.

At all times relevant hereto, FIELDWOOD engaged FIRE & SAFETY to perform maintenance work on several of its platforms located in the South Marsh Island Field off the coast of Louisiana. FIELDWOOD engaged BARRY GRAHAM, to provide the M/V JOSEPH G and its crew to facilitate the transport and housing of the equipment, tools, supplies, personnel, etc. necessary for operations.

VII.

At all times relevant hereto, BARRY GRAHAM owned, operated, leased/chartered, managed or controlled a vessel, the M/V JOSEPH G.

VIII.

At all times relevant hereto, FIELDWOOD owned, operated, maintained, and had garde of Platform 149-C, a fixed platform located on the Outer Continental Shelf offshore Vermillion Parish, Louisiana, in the South Marsh Island Field, block 132B, in the Gulf of Mexico.

IX.

On or about August 16, 2021, Plaintiff was performing maintenance work on the navaid lights on Platform 149-C.

X.

Platform 149-C was missing a swing rope for the upper deck, so Plaintiff had to make the swing rope transfer from the lower deck of the platform up to the M/V JOSEPH G, which sat higher in the water than the lower deck of the platform.

XI.

As Plaintiff was swinging over to the vessel, the deck crew of the M/V JOSEPH G did not use any equipment or otherwise assist with guiding and receiving Plaintiff onto the vessel.

XII.

As Plaintiff swung over from Platform 149-C, he hit the side of the vessel and fell into the sea, sustaining injuries.

XIII.

As a result of the accident, Plaintiff suffered severe and debilitating injuries to his neck, upper back, lower back, and person as a whole, together with past and future mental anguish and physical suffering, past and future loss of enjoyment of life, past and future expenses for medical care, and past and future loss of earnings and impaired earning capacity.

XIV.

Plaintiff's injuries and damages were caused by the legal fault, negligence, carelessness and omission of duty on the part of Defendants, without any legal fault, negligence, carelessness, or omission of duty on the part of Plaintiff causing, or in any way contributing thereto.

XV.

The legal fault, negligence, carelessness, and omission of duty on the part of Defendant, BARRY GRAHAM, consist of the following non-exclusive acts and omissions:

1) In failing to use reasonable care;

2) In failing to operate the vessel in a safe manner;

3) In failing to provide safe ingress to the vessel;

4) In failing to provide assistance with the personnel transfer operation;

5) In failing to adopt practices, policies, and procedures designed specifically to prevent the injuries and damages sustained by Plaintiff;

6) Violating Occupational Health and Safety Administration (OSHA) and/or Coast Guard regulations; and

7) Other acts of negligence which were the cause of the accident sued upon and which will be shown at the trial of this matter.

XVI.

The legal fault, negligence, carelessness, and omission of duty on the part of the FIELDWOOD Defendants, consist of the following non-exclusive acts and omissions:

1) In failing to use reasonable care;

2) In failing to maintain the platform in a safe manner;

3) In failing to provide Plaintiff with a safe place in which to work;

4) In failing to properly equip the platform with an additional swing rope to allow for swing rope transfers from the upper deck of the platform;

5) In failing to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the premises;

6) In failing to adopt practices, policies, and procedures designed specifically to prevent the injuries and damages sustained by Plaintiff;

7) Violating Occupational Health and Safety Administration (OSHA) and/or Coast Guard regulations; and

8) Other acts of negligence which were the cause of the accident sued upon and which will be shown at the trial of this matter.

## XVII.

At all times pertinent hereto, the M/V JOSEPH G was unseaworthy in one of more of the following respects:

1) The vessel and all of its equipment and appurtenances were not safe for the performance of the operations in question;

2) The vessel and all of its equipment and appurtenances were not reasonably fit for its intended purpose; and

3) The vessel and all of its equipment and appurtenances were inadequately maintained.

## XVIII.

That, in addition and/or in the alternative, to each and every allegation of legal fault, negligence, carelessness, or omission of duty on the part of Defendants set out above, Plaintiff pleads and is entitled to rely upon the doctrine of *res ipsa loquitur*.

XIX.

As a result of all acts and/or omissions and unseaworthiness set forth in this complaint, Defendants are liable unto Plaintiff for all damages as are reasonable in the premises, which consist of, but are not limited to, the following:

a) Past, present and future physical pain, suffering and loss of function;

b) Past, present and future mental pain, anguish and suffering;

c) Past, present and future medical expenses which include, but are not limited to, rehabilitation costs, doctor bills, hospital bills, medical tests, pharmaceutical bills, laboratory examinations, physical examination costs, diagnostic studies, and prosthesis;

d) Past, present and future loss of wages including but not limited to loss of salary and fringe benefits;

e) Permanent disability to the musculature, ligaments and bones of the body and permanent scarring and disfigurement;

f) Past, present and future loss of enjoyment of life;

g) Any and all other damages to be shown at the trial of this matter.

XX.

Plaintiff is entitled to and requests a trial by jury on all counts alleged herein.

**WHEREFORE**, GREGORY CAILLOUET prays that after due proceedings are had, there be judgment entered for plaintiff against defendants, BARRY GRAHAM OIL SERVICE, L.L.C., FIELDWOOD ENERGY LLC, FIELDWOOD ENERGY OFFSHORE LLC, and GOM SHELF

LLC, for all damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, all costs of these proceedings, and all general and equitable relief.

RESPECTFULLY SUBMITTED:

MORRIS BART, LLC
ATTORNEYS FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA  70130
TELEPHONE:  (504) 525-8000
FACSIMILE:  (504) 324-0738

*/S/ A. SPENCER GULDEN*

BY: _____

A. SPENCER GULDEN, NO. LA23110

**PLEASE SERVE:**
**BARRY GRAHAM OIL SERVICE, L.L.C.**
Through its agent for service of process:
MONA FAVARON
6044 B RAILROAD AVENUE
MORGAN CITY, LA 70380

**FIELDWOOD ENERGY LLC**
Through its agent for service of process:
CAPITOL CORPORATE SERVICES, INC.
8550 UNITED PLAZA BUILDING II, SUITE 305
BATON ROUGE, LA 70809

**FIELDWOOD ENERGY OFFSHORE LLC**
Through its agent for services of process:
CAPITOL CORPORATE SERVICES, INC.
8550 UNITED PLAZA BUILDING II, SUITE 305
BATON ROUGE, LA 70809

**GOM SHELF LLC**
Through its agent for service of process:
CAPITOL CORPORATE SERVICES, INC.
8550 UNITED PLAZA BUILDING II, SUITE 305
BATON ROUGE, LA 70809